UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLAIRE DOUGLAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., et al., <br><br> Defendants. | CASE NO. C20-0193JLR <br><br> ORDER DENYING PLAINTIFFS' MOTION TO REMAND |

## I.  INTRODUCTION

Before the court is Plaintiffs Claire Douglas, Mary Joan Isabell, Heather Carlon, and Gina Pawolski's (collectively, "Plaintiffs") motion to remand this case to King County Superior Court.  (Mot. (Dkt. # 13).)  Defendant KeyCorp. opposes the motion.  (Resp. (Dkt. # 16).)  The court has considered the motion, the relevant portions of the

//

//

//

1  record, and the applicable law.  Being fully advised, the court DENIES Plaintiffs' motion
2  to remand.[1]

## II.  BACKGROUND

On December 20, 2019, Plaintiffs filed their first amended complaint in King County Superior Court.  (Not. of Rem. (Dkt. # 1) ¶ 2, Ex. 1 ("FAC").)  The amended complaint names three companies as Defendants:  Bank of America, N.A., U.S. Bank National Association, and KeyCorp. (collectively, "Defendants").  (*Id.*)

KeyCorp. is a publicly held corporation headquartered in Ohio that wholly owns KeyBank National Association ("KeyBank").  (KeyBank Corp. Discl. (Dkt. # 9) at 1; *see also* Resp. at 1; Petritz Decl. (Dkt. # 18) ¶ 3.) [2]  In other words, KeyCorp. is a holding company, and KeyBank is one of its subsidiaries.  (*See* KeyBank Corp. Discl. at 1 (asserting that KeyCorp. is KeyBank's "parent corporation"); Petritz Decl. ¶ 3 ("KeyBank, National Association is a . . . subsidiary of KeyCorp.").)

On December 27, 2019, Plaintiffs' process server attempted to serve KeyCorp. at a KeyBank branch in Seattle, Washington.  (Peterson Decl. (Dkt. # 14) ¶ 3.)  Plaintiffs' process server "entered the KeyBank branch" and "spoke to an individual who . . . identified himself as the assistant manager" and "gave his name as Alex Donisin, or something to that effect."  (*Id*. ¶¶ 3-4.)  The process server "advised the individual that

---

[1] No party requests oral argument (*see* Mot. at 1; Resp. at 1), and the court does not consider oral argument to be helpful to its disposition of Plaintiffs' motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] Unless otherwise noted, all references to page numbers are to those provided by the court's electronic filing system ("ECF").

1  [he] was at the branch to serve legal papers upon KeyCorp." (*Id.* ¶ 4.) The summons and
2  complaint were addressed to "KEYCORP c/o BETH MOONEY, CHAIRMAN/CEO."
3  (*Id.* at 5.) "The individual first indicated that he felt that the manager should accept the
4  papers," but the process server "advised the individual that any person with authority to
5  accept the documents can properly accept service. [The individual] indicated that he had
6  such authority . . . and did in fact take the material." (*Id.* ¶ 4.)

7  On January 8, 2020, Plaintiffs' counsel emailed a copy of the complaint to
8  KeyCorp.'s counsel. (Resp. at 3; Latta Decl. (Dkt. # 17) ¶ 4, Ex. B ("Email") at 7.)
9  KeyCorp. removed the case to this court on February 7, 2020. (Not. of Rem. at 4.)
10 Plaintiffs contend that KeyCorp. waited longer than the maximum thirty days after
11 receipt of service to file its notice of removal under 28 U.S.C. § 1446(b) because
12 Plaintiffs served KeyCorp. on December 27, 2019 (*see* Mot. at 2-5), but KeyCorp.
13 maintains that the December 27 service attempt was improper and that Plaintiffs did not
14 serve KeyCorp. until January 8, 2020 (*see* Resp. at 4-7). Plaintiffs' motion relies entirely
15 on KeyCorp.'s allegedly tardy filing. (*See generally* Mot.)

16 KeyCorp. asserts that "[n]either KeyCorp. nor KeyBank employs (nor has
17 employed) a person named 'Alex Donisin' and . . . there is no 'assistant manager' at the
18 West Seattle branch authorized to accept service [on] behalf of KeyCorp. and no one at
19 that location is authorized to accept service for its [c]hief [e]xecutive [o]fficer." (Resp. at
20 2; *see also* Petritz Decl. ¶ 5.) KeyCorp. claims that it "did not receive notice of Plaintiffs'
21 [c]omplaint until January 8, 2020," when "Plaintiffs' counsel forwarded a copy of the
22 [f]irst [a]mended [c]omplaint to KeyCorp.'s counsel." (Resp. at 2-3.)

The court now considers whether Plaintiffs properly served KeyCorp. on December 27, 2019.

### III. ANALYSIS

**A. Legal Standards**

1. <u>Removal</u>

"Removal jurisdiction is statutory and strictly construed." *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). There is a "'strong presumption' against removal jurisdiction," meaning "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Removal is proper when a case filed originally in state court presents a federal question or when there is diversity of citizenship among the parties and the matter in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1331, 1332(a), 1441(a). However, 28 U.S.C. § 1446(b) provides that a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). "[T]he thirty-day period for removal in § 1446(b) is triggered by formal service only." *Griffith v. Am. Home Prods. Corp.*, 85 F. Supp. 2d 995, 997 (E.D. Wash. 2000) (citing *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint . . . but not by mere receipt of the complaint unattended by any formal service.")). Thus, KeyCorp. had thirty

days from the time of proper service to file its notice of removal. *See* 28 U.S.C. § 1446(b).

Because this case was initially filed in King County Superior Court, the court will analyze whether service was proper based on Washington State law. *See Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1023 (9th Cir. 2017) ("When a case is removed from state court to federal court, the question whether service of process was sufficient prior to removal is governed by state law.").

2. Burden of Proof

In Washington, "when a defendant challenges service of process, the plaintiff has the initial burden of proof to establish a prima facie case of proper service." *Northwick v. Long*, 364 P.3d 1067, 1070 (Wash. Ct. App. 2015). "A plaintiff can establish a prima facie case by providing a declaration of a process server. . . . Then the challenging party must show by clear and convincing evidence that service was improper." *Id.* Moreover, "[a]n affidavit of service, regular in form and substance, is presumptively correct." *Lee v. W. Processing Co.*, 667 P.2d 638, 640 (Wash. Ct. App. 1983); *see also U.S. Bank Nat'l Ass'n v. Welch*, No. 79934-7-I, 2020 Wash. App. LEXIS 1676, *4 (Wash. Ct. App. June 15, 2020) (finding that a declaration of service "satisfied [the plaintiff's] initial burden of proving a prima facie case of sufficient service").

Thus, the court presumes that the contents of Plaintiffs' process server's declaration are correct and next considers whether the contents of that declaration, when taken as correct, establish that Plaintiffs properly served KeyCorp. on December 27, 2019. (*See generally* Peterson Decl.)

**B.      Whether Service on KeyCorp. Was Proper**

1.   <u>Standards</u>

Washington law sets forth specific methods for service of process on foreign corporations. RCW 4.28.080(10) provides that plaintiffs may serve foreign corporations through "any agent, cashier or secretary thereof." RCW 4.28.080(10). The individual accepting service "must be in such a managerial position that he is a representative of the corporation." *Reiner v. Pittsburg Des Moines Corp.*, 680 P.2d 55, 56 (Wash. 1984) (citing *Crose v. Volkswagenwerk Aktiengesellschaft*, 558 P.2d 764 (1977)). Courts have also determined that RCW 4.28.080(10) should be reviewed for "substantial compliance" provided that "the purpose of the statute is not defeated and . . . the opposing party is not prejudiced." *Reiner v. Pittsburg Des Moines Corp.*, 666 P.2d 396, 397 (Wash. Ct. App. 1983). Although the statute allows for service upon individuals in managerial roles (the "cashiers" and "secretaries") and should be "liberally construed" for substantial compliance, *see Fox v. Sunmaster Prods., Inc.*, 821 P.2d 502, 505-06 (Wash. Ct. App. 1991), it does not contain a provision allowing for substituted service on a subsidiary corporation, *see generally* RCW 4.28.080.[3]

Indeed, in Washington, "it is the general rule that a foreign corporation which holds a controlling interest in a subsidiary corporation doing business within a particular

---

[3] States with similar rules for serving corporations have also determined that the applicable statute does not allow for substituted service on corporations. *See* Cal Civ. Code § 416.10 (authorizing service on "secretar[ies]" and "cashier[s]" but not subsidiary corporations); *see also Graval v. P.T. Bakrie & Bros.*, 986 F. Supp. 1326, 1330 (C.D. Cal. 1996) ("Under California Law, service on a subsidiary does not constitute service on a parent corporation, even if the subsidiary is considered to be an 'alter-ego' of the parent corporation.").

1  state is not thereby subject to service of process through service upon an agent of the
2  subsidiary within that state." *State v. N.W. Magnesite Co.*, 182 P.2d 643, 664 (Wash.
3  1947) (citing *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333 (1925); *see also*
4  *Dam v. General Electric Co.*, 111 F. Supp. 342 (E.D. Wash. 1953) ("It is a well
5  established general rule that a foreign corporation, which owns or controls the capital
6  stock and dictates the policies and directs the affairs of a subsidiary corporation . . . is not
7  thereby subject to service of process through service upon an agent of the subsidiary.").
8  "[A] corporation exists as an organization distinct from the personality of its
9  shareholders.  This separate organization, with its distinctive privileges and liabilities, is a
10 legal fact, and not a fiction to be disregarded when convenient." *N.W. Magnesite*, 182
11 P.2d at 663-64.

12      However, Washington courts may disregard this general rule and consider service
13 on a subsidiary to be effective as to its parent if there is "intimation of dishonesty or bad
14 faith on the part of the two . . . corporations." *See id.* at 664.  Plaintiffs in Washington
15 courts must establish two elements for courts to disregard the corporate form:  (1) "an
16 abuse of the corporate form"; and (2) a demonstration that "disregarding the corporate
17 form is necessary to avoid the consequences of intentional misconduct harmful to the
18 plaintiff." *Landstar Inway, Inc. v. Samrow*, 325 P.3d 327, 336 (Wash. Ct. App. 2014)
19 (citing *Meisel v. M&N Modern Hydraulic Press Co.*, 645 P.2d 689, 692-93 (Wash.
20 1982)).  Absent such a showing, parent corporations are not subject to service through
21 their subsidiaries.  *See id.*
22 //

1        In sum, RCW 4.28.080(10) specifies the manner in which foreign corporations
2 may be served in Washington State, and the statute does not provide for substituted
3 service on subsidiaries. *See generally* RCW 4.28.080(10). Instead, plaintiffs must pierce
4 the corporate veil if they wish to serve a foreign corporation through its subsidiary. *See*
5 *N.W. Magnesite*, 182 P.2d at 664.

6        2. <u>Application</u>

7        Plaintiffs do not aver that "Alex Donisin" is a designated agent of KeyCorp.
8 authorized to accept service of process. (*See generally* Mot.; Reply (Dkt. # 19).) Instead,
9 Plaintiffs rely on the substituted service provision of RCW 4.28.080(10), asserting that an
10 assistant manager of the KeyBank branch falls into the "cashier or secretary thereof"
11 category. (*See* Mot. at 2-4.) Plaintiffs are correct in their assertion that their process
12 server's declaration is presumably correct (*id.* at 4), but the declaration at most
13 establishes that Plaintiffs served an assistant manager at the wrong corporation (*see*
14 Peterson Decl. ¶ 4). Even when liberally construed for substantial compliance, Plaintiffs'
15 process server has missed the mark, acknowledging in his own declaration that he
16 "entered the KeyBank branch . . . to serve legal papers upon KeyCorp." (*Id.* ¶¶ 3-4.)
17 Such a method of service might be convenient, but it is improper. Substituted service on
18 corporate subsidiaries without first piercing the corporate veil both defeats the purpose of
19 RCW 4.28.080, which is to "advise a party that [its] . . . property is in jeopardy," and
20 risks prejudicing parent corporations, whose agents are not aware of a lawsuit filed
21 against the corporation at the time of service on a subsidiary. *See Reiner*, 666 P.2d at
22 397.

ORDER - 8

1         Plaintiffs' December 27, 2019, service attempt is especially troubling because Plaintiffs' counsel was not positive KeyCorp. had been served. In a January 8, 2020 email to KeyCorp.'s counsel, Plaintiffs' counsel, Mr. Harrison, asks whether "your client [has] been served the class action in state court." (Email at 7.) Mr. Harrison even provides that "[i]f they have not yet been served, attached is a copy of the class action complaint." (*Id.*). KeyCorp. contends that it "did not receive notice of Plaintiffs' [c]omplaint until January 8, 2020," when Mr. Harrison forwarded Plaintiffs' first amended complaint to KeyCorp.'s counsel. (*See* Resp. at 2.) Given that "due process requires . . . 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections,'" the court cannot find that statutorily improper substituted service on a subsidiary corporation provides appropriate notice to the parent corporation. *See Jones v. Flowers*, 547 U.S. 220 (2006) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Furthermore, Plaintiffs provide no reason why the court should disregard KeyCorp.'s corporate form. (*See generally* Mot.) Thus, Plaintiffs' December 27, 2019, service attempt on KeyCorp. was improper.

        While it is KeyCorp.'s burden to establish that removal is proper, *Gaus*, 980 F.2d at 566, KeyCorp. met this burden in its notice of removal (*see generally* Not. of Rem.). In its notice of removal, KeyCorp. establishes that the court has original jurisdiction over this case under 28 U.S.C. § 1332 because the amount in controversy is over $75,000.00 and there is complete diversity between Plaintiffs and Defendants. (*See* Not. of Rem. ¶¶ 3-7.) In their motion to remand, Plaintiffs only question whether KeyCorp.'s notice of

removal was timely filed.  (*See generally* Mot.)  KeyCorp. had thirty days to file its notice of removal after proper service.  *See* 28 U.S.C. § 1446(b).  KeyCorp. maintains that it was not notified of Plaintiffs' complaint until January 8, 2020 (Resp. at 3), and it removed the case to this court on February 7, 2020 (Not. of Rem. at 4).  Assuming service took place on January 8, 2020,[4] KeyCorp. filed its notice of removal on the last possible day it could do so, meaning removal to this court was statutorily proper.  *See* 28 U.S.C. § 1446(b).  Thus, KeyCorp. has met its burden, and removal to this court is appropriate.

In sum, Plaintiffs' motion must be denied because Plaintiffs did not effectuate proper service on KeyCorp. on December 27, 2019.  Plaintiffs' process server improperly attempted to effectuate service on KeyCorp. through its subsidiary, KeyBank, a statutorily improper method of serving foreign corporations under RCW 4.28.080.  Thus, the earliest KeyCorp. could have been served was on January 8, 2020, meaning KeyCorp.'s February 7, 2020, removal was timely.[5]

//

//

//

---

[4] KeyCorp. concedes that it was served on January 8, 2020. (Resp. at 7-8 ("[T]he [c]ourt should find that service occurred in the first place on January 8, 2020 when Plaintiffs' counsel emailed KeyCorp.'s counsel a copy of the [f]irst [a]mended [c]omplaint.").)  Based on that concession, the court assumes for purposes of this motion that Plaintiffs formally served KeyCorp. on January 8, 2020.

[5] Due to the court's conclusion that RCW 4.28.080 and Washington State common law do not allow Plaintiffs to serve KeyCorp. with formal process via substituted service on an agent of KeyBank, the court finds it unnecessary to determine whether "Alex Donisin" is, in fact, an agent of KeyBank with the authority to accept service of process for KeyBank.

## IV. CONCLUSION

For the reasons set forth above, the court DENIES Plaintiffs' motion to remand (Dkt. # 13).

Dated this 10th day of July, 2020.

JAMES L. ROBART
United States District Judge