UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLAIRE DOUGLAS, et al.,

Plaintiffs,

v.

BANK OF AMERICA, N.A., et al.,

Defendants.

CASE NO. C20-0193JLR

ORDER GRANTING MOTION TO AMEND AND DISMISS, DENYING MOTION FOR CLASS CERTIFICATION, AND DENYING MOTION TO STRIKE

## I. INTRODUCTION

There are three motions before the court: (1) Plaintiffs Claire Douglas, Mary Joan Isabell, Heather Carlon, and Gina Pawolski's (collectively, "Plaintiffs") motion to amend and dismiss (*see* Mot. to Amend (Dkt. # 61)); (2) Plaintiffs' motion for class certification (*see* Mot. for Class. Cert. (Dkt. # 34)); and (3) Defendant Bank of America, N.A.'s ("Bank of America") motion to strike declarations filed with Plaintiffs' motion for class certification (Mot. to Strike (Dkt. # 75)). The three Defendants in this matter—Bank of America, U.S. Bank National Association ("U.S. Bank"), and Key Corp.—oppose

Plaintiffs' motion to amend and dismiss. (*See* U.S. Bank Resp. to Mot. to Amend (Dkt. # 62); Key Corp. Resp. to Mot. to Amend (Dkt. # 65); Bank of America Resp. to Mot. to Amend (Dkt. # 66).) Plaintiffs filed a separate reply to each Defendant's response to the motion to amend and dismiss. (Reply to Bank of America (Dkt. # 67); Reply to U.S. Bank (Dkt. # 68); Reply to Key Corp. (Dkt. # 69).) Bank of America filed an opposition to Plaintiffs' motion for class certification.[1] (Bank of America Resp. to Class Cert. (Dkt. # 71).) Plaintiffs filed a reply to Bank of America's opposition. (Class Cert. Reply (Dkt. # 76).) Plaintiffs did not respond to Bank of America's motion to strike. (*See generally* Dkt.) The court has reviewed the motions, the parties' submissions in support of and in opposition to the motions, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS Plaintiffs' motion to amend and dismiss, DENIES Bank of America's motion to strike as moot, and DENIES Plaintiffs' motion for class certification without prejudice.[2]

//

---

[1] Key Corp. filed a response to the motion for class certification in which it noted that it took no position on the motion because Plaintiffs were not attempting to certify a class against Key Corp. (*See* Key Corp. Resp. to Class Cert. (Dkt. # 74) at 1-2.)

[2] Bank of America requests oral argument on Plaintiffs' motion to amend and motion for class certification (*see* Bank of America Resp. to Mot. to Amend at cover page; Bank of America Resp. to Class Cert. at cover page), but Plaintiffs and the other Defendants do not. Oral argument is only necessary "when a party would suffer unfair prejudice as a result" of the court's refusal to hear oral argument. *Mahon v. Credit Bureau of Placer Cty. Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999) (citing *Houston v. Bryan*, 725 F.2d 516, 518 (9th Cir. 1984)). Parties suffer no prejudice when they have "provided the district court with complete memoranda of the law and evidence in support of their respective positions." *Mahon*, 171 F.3d at 1200. Here, the issues have been thoroughly briefed by the parties, and oral argument would not be of assistance to the court. *See* Local Rules W.D. Wash. LCR 7(b)(4). Accordingly, the court DENIES Bank of America's requests for oral argument.

## II. BACKGROUND

This class action lawsuit pertains to the allegedly unsuccessful efforts of Plaintiffs and the class they seek to represent to redeem bank bonds originally issued by Rainier National Bank or Seattle-First National Bank ("the Bonds"). (*See* Mot. for Class Cert. at 1-2.) Ms. Douglas and Ms. Isabell initially filed suit against Bank of America in King County Superior Court on November 21, 2019. (*See* Verification of State Ct. R. (Dkt. # 8) at 1-2.) On December 20, 2019, Ms. Douglas and Ms. Isabell filed the operative amended complaint and added Ms. Carlon and Ms. Pawolski as Plaintiffs, and U.S. Bank and Key Corp. as Defendants. (*See* Am. Compl. (Dkt. # 1-1) at 1-3.) Key Corp. removed the case to this court on February 7, 2020. (*See* Not. of Removal (Dkt. # 1).)

At a high level, Plaintiffs' complaint alleges that Rainier National Bank or Seattle-First National Bank issued the Bonds to Plaintiffs and members of the class. (Am. Compl. ¶ 10.) After Rainier National Bank and Seattle-First National Bank issued the Bonds, Defendants purchased those banks and their liabilities. (*Id.*) Specifically, Plaintiffs allege that all three Defendants acquired portions of Rainier National Bank, and that Bank of America acquired Seattle-First National Bank. (*Id.*) Plaintiffs claim that Defendants are required to honor the Bonds as a result of their purchases of Rainier National Bank and Seattle-First National Bank, but that Defendants have refused to do so despite Plaintiffs' redemption efforts. (*Id.*) Accordingly, Plaintiffs bring a breach of contract claim and a claim under Washington's Consumer Protection Act ("CPA"), RCW ch. 19.86 against Defendants on behalf of the following proposed class:

//

> All individuals who acquired a bank bond, bill, certificate, time deposit, CD, and multiple maturity non-negotiable time certificate of deposit ("Bond") from Seattle-First or Rainer [sic] Bank where the following conditions are met: (i) the Bond automatically renews unless redeemed or a notice of nonrenewal is provided by the issuer under the terms of the Bond; (ii) the owner or legal beneficiary has not redeemed the Bond; and (iii) the owner or legal beneficiary received no notification that the Bond was not being renewed, was abandoned, and/or had escheated to the State of Washington.

(Am. Compl. ¶¶ 11, 54-72.)

On May 13, 2020, Bank of America served discovery requests to Ms. Douglas that specifically sought production of declarations from putative class members and copies of any Bonds in putative class members' possession. (*See* 8/17/20 Folger Decl. (Dkt. # 66-2) ¶ 8, Ex. F at 12, 15.) On June 12, 2020, Ms. Douglas responded that she had no declarations in her possession, custody, or control, and she produced a smattering of documents that Bank of America alleges did not contain "a single financial instrument from alleged putative class members." (Bank of America Opp. to Mot. to Amend at 5; 8/17/20 Folger Decl. ¶ 10, Ex. G at 46, 51-53, DFI 000001-000121.) Pursuant to the scheduling order in this case, class discovery closed on July 6, 2020. (Sched. Order (Dkt. # 23) at 1.) Bank of America met and conferred with Plaintiffs on July 24, 2020 to inquire about the availability of copies of Bonds and documents related to Bonds. (*See* 8/17/20 Folger Decl. ¶¶ 11-12, Ex. H at 4.) Plaintiffs' counsel indicated that Plaintiffs did not have copies of any of the Bonds at that time and indicated that putative class member declarations and copies of Bonds would be produced on August 5, 2020. (*See id.* ¶ 12; Reply to Bank of America at 6 n.6.)

//

On August 5, 2020—a month after the close of class certification discovery—Plaintiffs filed two of the three motions currently before the court:  the motion to amend and dismiss and the motion for class certification.  (*See generally* Mot. for Class Cert.; Mot. to Amend; Sched. Order.)  The motion for class certification seeks to certify a class against only Bank of America.  (*See* Mot. for Class Cert. at 6 n.2.)  The motion is accompanied by 28 declarations and 16 supplemental declarations from Ms. Isabell, Ms. Douglas, and other prospective class members.  (*See* Dkt. ## 37-59, 78, 96-99 (declarations), 77, 79-94 (supplemental declarations).)  Twenty-six of the declarations are accompanied by a copy of the Bond that the prospective class member alleges he, she, or a family member has attempted to present to Bank of America for payment.[3]  (*See* Dkt. ## 37-49, 51-58, 78, 96-99 (Bond attached as Exhibit A to each declaration).)  Bank of America claims that these Bonds and declarations were not disclosed in discovery.  (*See* Mot. to Strike at 2; 8/17/20 Folger Decl. ¶ 13.)

Plaintiffs' motion for class certification presumes that the court will grant Plaintiffs' motion to amend and dismiss—which Plaintiffs filed on the same day they moved for class certification.  (*See* Mot. for Class Cert. at 6 n.2, 15 (proposing class definition based on Plaintiffs' proposed amended complaint).)  The motion to amend and dismiss proposes a number of significant changes to this action.  Most noticeably, the

---

[3] Plaintiffs concede in their reply brief that two of the declarants are not class members and claims their declarations were submitted "in error."  (Class Cert. Reply at 3 n.2 (conceding that Victoria Ramsey Smith's declaration and Kathy Whitney's declaration should not have been submitted in support of the motion for class certification because the Bonds attached to those declaration are not Bank of America's responsibility); *see also* Dkt. ## 50, 59).)

proposed amended complaint removes Ms. Carlon and Ms. Pawolski as Plaintiffs and removes U.S. Bank and Key Corp. as Defendants. (*See* Mot. to Amend, App'x A ("Redlined Am. Compl.") at 1-3.) Plaintiffs also propose a new class definition:

> All individuals who acquired a time certificate of deposit ("Bond") from Seattle-First National Bank or Rainier Bank where the following conditions are met: (i) the Bond, by its terms, automatically renews unless redeemed by surrender of possession or a notice of nonrenewal is provided by the issuer under the terms of the Bond; (ii) the Bond, by its terms, requires that it be surrendered for payment; (iii) the individual has physical possession of the Bond; (iv) the Bond was not purchased at an *excluded Rainier Bank branch*; (v) Bank of America has no documents specific to the Bond indicating that it was redeemed; (vi) the Bond never escheated to the State of Washington, and (vii) the Bond was never presented for payment by the individual prior to December 20, 2013.
>
> "*Excluded Rainier Bank branch*" is defined to mean the former Rainier Bank branches that were sold to either Key Bank, KeyCorp, or West One Bancorp in 1992.

(*Id.* at 4-5.) Finally, although Plaintiffs do not propose adding new causes of action against Bank of America, they plead new allegations in support of their existing CPA violation. Specifically, the proposed amended complaint alleges that Bank of America's failure to forward unclaimed property to the State of Washington violates the Washington Uniform Unclaimed Property Act, RCW ch. 63.29, which, in turn, violates the CPA. (*See* Redlined Am. Compl. ¶¶ 40, 55, 58.) The Uniform Unclaimed Property Act is not cited or referenced in the operative complaint. (*See generally* Am. Compl.)

## III. ANALYSIS

The current motions and the parties' responses present a number of issues. Although U.S. Bank and Key Corp. do not object to Plaintiffs' willingness to dismiss them from this action, both parties request that the court dismiss them with prejudice and

impose conditions on the dismissal. (*See* Key Corp. Resp. to Mot. to Amend at 1; U.S. Bank Resp. to Mot. to Amend at 1.) Bank of America objects to Plaintiffs' proposal to amend the complaint and opposes class certification on the basis of Plaintiffs' untimely amendment and on the merits of the motion. (*See* Bank of America Resp. to Class Cert. at 1-2.) Finally, Bank of America asks the court to strike Plaintiffs' declarations because the declarations were not timely disclosed. (*See* Mot. to Strike at 1.) The court addresses each issue in turn.

**A. Dismissal of U.S. Bank and Key Corp.**

The question over whether U.S. Bank and Key Corp. may be voluntarily dismissed from this matter is governed by Federal Rule of Civil Procedure 41.[4] *See* Fed. R. Civ. P. 41. Pursuant to Rule 41(a)(1)(A)(i), a plaintiff is entitled to voluntarily dismiss without court approval by filing a notice of dismissal "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). "Unless the notice . . . states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). If dismissal under Rule 41(a)(1)(A) is not available, then voluntary dismissal requires a court order under Rule 41(a)(2). Rule 41(a)(2) states that "an action may be dismissed at the plaintiff's request, only by court order, on terms that the court

//

[4] The court agrees with the parties that Rule 23(e) is inapplicable to voluntary dismissals where the class has not yet been certified. *See* Fed. R. Civ. P. 23(e) ("The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."); (*see also* Mot. to Amend at 3-4 (citing Fed. R. Civ. P. 23(e)); Key Corp. Resp. to Mot to Amend at 2.)

considers proper." Fed. R. Civ. P. 41(a)(2). Moreover, "[u]nless the order states otherwise, a dismissal under [Rule 41(a)(2)] is without prejudice." *Id.*

A motion for voluntary dismissal under Rule 41(a)(2) "is addressed to the sound discretion of the District Court, and its order will not be reversed unless [it] has abused its discretion." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "Legal prejudice" is "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). "Plain legal prejudice . . . does not result simply when [the] defendant faces the prospect of a second lawsuit," has "begun trial preparations," or "when [the] plaintiff merely gains some tactical advantage." *Hamilton*, 679 F.2d at 145.

The court rejects Key Corp.'s objection to Plaintiffs' notice of voluntary removal under the plain language of Rule 41(a)(1)(A). Key Corp. has not answered the complaint or filed a motion for summary judgment. (*See generally* Dkt.) Thus, Plaintiffs are entitled to dismiss Key Corp. as a matter of course, and "[t]he dismissal is effective on filing" without an order from the court. *See Am. Soccer Co. v. Score First Enters.*, 187 F.3d 1108, 1110 (9th Cir. 1999) (citations and internal quotations omitted); Fed. R. Civ. P. 41(a)(1). Moreover, Rule 41(a)(1)(A)(i) grants plaintiffs an "absolute right" to dismiss that "may not be extinguished or circumscribed by adversary or the court." *Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001) (quoting *Pedrina*

*v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993)). Accordingly, the court may not impose conditions on the dismissal, *see, e.g.*, *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1079 n.7, 1080 (9th Cir. 1999), and dismissal must be without prejudice unless the plaintiff requests otherwise, *see, e.g.*, *Am. Soccer Co.*, 187 F.3d at 1110; Fed. R. Civ. P. 41(a)(1)(B). Thus, Plaintiffs' notice of voluntary dismissal without prejudice as to Key Corp. was effective on the filing of the motion to amend and dismiss, and the court has no authority to dismiss with prejudice or impose conditions on the dismissal.

Because U.S. Bank filed an answer in this matter (U.S. Bank Ans. (Dkt. # 10)), however, Plaintiffs need court approval to voluntarily dismiss U.S. Bank. *See* Fed. R. Civ. P. 41(a)(2). The court notes that U.S. Bank does not oppose voluntary dismissal in this case. U.S. Bank agrees that it should be dismissed from this lawsuit, but asks that the court dismiss with prejudice and with conditions. (*See* U.S. Bank. Resp. to Mot. to Amend at 1 ("U.S. Bank does not oppose the elimination of baseless class allegations against it and takes no position on the proposed amendments that pertain to other defendants. However, U.S. Bank does oppose [Ms.] Pawolski's request to dismiss her individual claims against U.S. Bank without prejudice and without conditions.").)

The court concludes that U.S. Bank is not entitled to have its cake and eat it too. The court agrees with Plaintiffs and with U.S. Bank that voluntary dismissal is appropriate under Rule 41. Plaintiffs claim that after class discovery, they determined that it was in the best interest of the class to streamline this case by limiting the class allegations to Bank of America and allowing Ms. Pawolski and Ms. Carlon to pursue their claims against U.S. Bank and Key Corp. individually. (*See* Mot. to Amend at 2-3;

Reply to U.S. Bank at 4-6.) That is a valid ground for voluntary dismissal. *See Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) ("[Plaintiff] was entitled to abandon the federal class action and federal claims after deciding that litigation on state law claims in state court was preferable for the interests of the class."). Given that this case had not yet progressed on the merits or on the class certification question, the court concludes that this is an appropriate point in the case to voluntarily dismiss U.S. Bank and Key Corp. Moreover, U.S. Bank has not identified any "plain legal prejudice" it will suffer if it is dismissed from this action. Indeed, as noted above, U.S. Bank agrees that it should be dismissed from this action. (*See* U.S. Bank. Resp. to Mot. to Amend at 1 ("U.S. Bank does not oppose the elimination of baseless class allegations against it . . . .").) Thus, the court concludes that voluntary dismissal of U.S. Bank is warranted.

The court also rejects U.S. Banks' request to dismiss the case with prejudice. U.S. Bank offers two arguments in support of its claim that it is entitled to dismissal with prejudice. (*See id.* at 6-8.) First, U.S. Bank avers that it has incurred significant expenses defending against Ms. Pawolski's claims to date that will be wasted if this action is not dismissed with prejudice. (*See id.*) Second, U.S. Bank argues that dismissal without prejudice deprives U.S. Bank of an opportunity to establish that it is entitled to attorney's fees as the "prevailing party" in this action. (*See id.*) The court is not persuaded by these arguments. Because Ms. Pawolski will still be entitled to pursue her individual claims against U.S. Bank and allegedly intends to do so (*see* Reply to U.S. Bank at 1), costs that U.S. Bank has incurred defending against this action will not be wasted. Moreover, although U.S. Bank believes that Ms. Pawolski is voluntarily dismissing her claim only

because it lacks merit and Ms. Pawolski wants to avoid paying attorney's fees (*see* U.S. Bank. Resp. to Mot. to Amend at 4-5, 7-9), Plaintiffs dispute those allegations (*see* Reply to U.S. Bank at 1-6). There has been no ruling on the merits of Ms. Pawolski's claim—due, in large part, to U.S. Bank's failure to move to dismiss or move for summary judgment—and the court is not willing turn this motion for voluntary dismissal into a mini-trial on the merits of Ms. Pawolski's claim. Thus, absent some showing of bad faith on Plaintiffs' part, which U.S. Bank has not made here, the court rejects U.S. Bank's arguments that the court should condition dismissal on Plaintiffs' willingness to agree to dismiss with prejudice.

The court also declines to award U.S. Bank costs and fees. The court is well-aware that costs and fees "are often imposed upon a plaintiff who is granted voluntary dismissal under [Rule] 41(a)(2)." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). However, given that there has been no adjudication of the merits of Ms. Pawolski's claim and no evidence that Ms. Pawolski brought this claim or seeks dismissal in bad faith, the court concludes that an award of fees is not warranted. Awarding fees would also unfairly penalize Plaintiffs for utilizing the voluntary dismissal rule for its intended purpose. Indeed, although the court recognizes that U.S. Bank has likely incurred sunk costs in this case, the court surmises that Plaintiffs' willingness to voluntarily dismiss the class claims against U.S. Bank likely saved U.S. Bank significant expenses on class certification briefing and adjudication of the merits of this action.

//

In sum, the court concludes that Key Corp. was properly dismissed without prejudice under Rule 41(a)(1) upon the filing of Plaintiffs' notice of voluntary dismissal. The court also GRANTS Plaintiffs' motion to voluntarily dismiss U.S. Bank without prejudice and rejects U.S. Bank's request to condition that dismissal on payment of attorney's fees.

**B. Motion to Amend**

As a threshold matter, the court notes that the parties disagree on the appropriate standard to apply to the motion to amend. Plaintiffs argue that the motion to amend should be governed by Rule 15(a)(2) because the court has not yet issued a case schedule that sets a deadline for amending the pleadings. (Reply to Bank of America at 1.) Bank of America argues that Rule 16's "good cause" standard should apply because the motion to amend requires that the court reset the deadlines in its class certification scheduling order. (Bank of America Resp. to Mot. to Amend at 11-12; Sched. Order.) The court agrees with Plaintiffs. Although Plaintiffs' motion to amend may have a downstream impact on class certification and the schedule for class certification, that is an issue for the court's analysis of the class certification motion, not the motion to amend.[5] *See infra* § III.C; *see also* Local Rules W.D. Wash. LCR 23(i)(3) (noting that the court may extend the period for class certification "on motion for good cause"). Viewed independently,

//

[5] As discussed below, the court concludes that class certification is not warranted at this time, but that "good cause" exists to extend the class certification deadline in this case. *See infra* § III.C. Thus, even if Rule 16(b)(4)'s "good cause" standard applied, the court would find that Plaintiffs have shown good cause to amend the complaint for the reasons set forth below.

Plaintiffs' motion to amend does not offend any scheduling order issued by the court to date. Thus, Rule 15 controls this motion to amend.

Under Rule 15, the court should "freely give" leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Five factors are used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party has previously amended its pleading. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citing *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

Under this liberal standard, the court concludes that Plaintiffs are entitled to leave to amend the complaint. Four of the factors above weigh in favor of granting leave to amend. First, Bank of America has not shown that Plaintiffs have acted in bad faith or unreasonably delayed in moving to amend. (Bank of America Resp. to Mot. to Amend at 10-11.) Although Plaintiffs likely could have pursued discovery more vigorously and moved to amend earlier, the evidence before the court shows that the Plaintiffs pursued class discovery during the allotted time to do so and moved to amend after the close of class discovery based on the information obtained through discovery. That is not bad faith or an unreasonable delay. Second, Bank of America makes no effort to show that amendment would be futile. Finally, although Plaintiffs amended the complaint at the outset of this action to add the parties that it now drops from the case—Ms. Carlon, Ms. Pawolski, U.S. Bank, and Key Corp. (*see* Am. Compl. at 1-3)—Plaintiffs' current attempt to amend to streamline this case is different from the type of serial amendment cases

where denying leave to amend is warranted. *See, e.g.*, *Allen*, 911 F.2d 367, 374 (denying leave to file a fourth complaint that would likely prove futile).

The court agrees with Bank of America that the timing of Plaintiffs' motion to amend causes at least some prejudice to Bank of America. Plaintiffs seek to make meaningful changes to the class definition and class allegations. *See supra* § II (detailing proposed changes to the operative complaint). Although the court does not believe that Plaintiffs unreasonably delayed in filing the motion to amend, the court also recognizes that Plaintiffs filed this amendment after class discovery closed and on the same day that they moved for class certification. This forced Bank of America to respond to a new class definition and new class allegations that they had not prepared for during the class discovery period. Thus, this factor favors denying the motion to amend. The court notes, however, that Bank of America's response significantly overstates the amount of prejudice caused by the timing of the motion to amend. (*See* Bank of America Resp. to Mot. to Amend at 8-10.) Bank of America was able to prepare a spirited opposition to Plaintiffs' motion for class certification—which was based on the new allegations in the amended complaint. (*See generally* Bank of America Resp. to Class Cert.) Moreover, although Bank of America indicates that it was ambushed by the declarations filed with the motion for class certification, Plaintiffs disclosed the identities of many of these declarants in their June 12, 2020 discovery requests, and Plaintiffs apparently failed to

//

//

//

seek to depose any of the putative class members at that time.[6] (*See* Reply to Bank of America at 5-6.)

Ultimately, however, the court concludes that the balance of the factors weighs in favor of granting leave to amend. The prejudice suffered by Bank of America as a result of the changed class allegations and class definition does not outweigh the remaining factors that favor amendment or Rule 15(a)'s mandate that leave to amend be freely granted. Also, as discussed in more detail below, the court denies Plaintiffs' motion for class certification without prejudice so that the parties can conduct additional discovery and brief class certification with the benefit of any relevant discovery on Plaintiffs' amended allegations. *See infra* § III.C. Thus, any prejudice caused by the amended class definition and class allegations can be cured. As such, the court GRANTS Plaintiffs' motion to amend and ORDERS Plaintiffs to file their amended complaint on the docket in this matter within 14 days of the filing date of this order.

**C. Class Certification**

Although the court agrees with Plaintiffs that amendment is warranted, the court concludes that Plaintiffs' new class definition merits denial of their motion for class certification at this time. District Courts in the Ninth Circuit are split over whether a plaintiff is bound by the class definition set out in her complaint. *See Grodzitsky v. Am.*

[6] To be clear, although the court believes that Bank of America has overplayed its hand on prejudice, the court does not intend to condone Plaintiffs' dilatory or haphazard responses to Bank of America's discovery requests. Given that Plaintiffs were well-aware of the identities of many putative class members by June 12, 2020, it seems that Plaintiffs could have been more diligent in obtaining copies of Bonds and declarations from those class members in response to Bank of America's discovery requests.

*Honda Motor Co*., No. 12-cv-01142-SVW, 2014 WL 718431, at *4 (C.D. Cal. Feb. 19, 2014) (collecting cases). Some courts strictly adhere to class definitions provided in the operative complaint and require plaintiffs to amend their complaint before certifying a different class. *See Berlowitz v. Nob Hill Masonic Mgmt.*, No. 96-cv-01241-MHP, 1996 WL 724776, at *2 (N.D. Cal. Dec. 6, 1996) ("The court is bound by the class definition provided in the complaint [and] will not consider certification of the class beyond the definition provided in the complaint unless plaintiffs choose to amend it."): *see also Costelo v. Chertoff*, 258 F.R.D. 600-05 (C.D. Cal. 2009) ("The Court is bound to class definitions provided in the complaint and, absent an amended complaint, will not consider certification beyond it."). Other courts permit plaintiffs to narrow a proposed class at the certification stage without amending the complaint. *See, e.g*., *Abdeljalil v. Gen. Elec. Capital Corp*., 306 F.R.D. 303, 306 (S.D. Cal. 2015); *Knutson v. Schwan's Home Servs., Inc*., 2013 WL 4774763 at *10-13 (S.D. Cal. Sep. 5, 2013). Finally, a third group of district courts permit plaintiffs to modify the proposed class so long as the "proposed modifications are minor, require no additional discovery, and cause no prejudice to defendants." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 590-91 (N.D. Cal. 2010); *see also J.L. v. Cissna*, No. 18-CV-04914-NC, 2019 WL 415579, at *5 (N.D. Cal. Feb. 1, 2019) (adopting the third approach).

The court has recently aligned itself with the District Courts in the third camp. *Jammeh v. HNN Assocs., LLC*, No. C19-0620JLR, 2020 WL 5407864, at *9 (W.D. Wash. Sept. 9, 2020) (concluding that the third approach "is the most appropriate test because instead of setting artificial limits based on allegations that are drafted prior to

class discovery or an amorphous determination that the newly described class definition is 'narrower' than the first, this test looks at the practical impacts that the new class definition will have on the opposing party and the conduct of the litigation in general"). Accordingly, the court will consider the modified class only if Plaintiffs establish that "the modifications are minor, require no additional discovery, and cause no prejudice to defendants." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. at 590-91; *J.L.*, 2019 WL 415579, at *5. Plaintiffs' class modifications fail this test.

*First*, the modifications to the class definition are not minor for the following reasons:

- Plaintiffs wholesale eliminated class members who possessed Bonds that are attributable to U.S. Bank and Key Corp.;
- Plaintiffs altered the class definition so that the class member must only be in "physical possession of the Bond," instead of the "owner or legal beneficiary of the bond";
- The amended complaint changes the class definition from "(iii) the owner or legal beneficiary received no notification that the Bond was not being renewed, was abandoned, and/or had escheated to the State of Washington" to "(vi) the Bond never escheated to the State of Washington."
- The new class definition adds "(iv) the Bond was not purchased at an excluded Rainier Bank branch; (v) Bank of America has no documents specific to the Bond indicating that it was redeemed; and (vii) the Bond was

never presented for payment by the individual prior to December 20, 2013."

(*Compare* Am. Compl. ¶ 11 *with* Redlined Am. Compl. ¶ 7.)

*Second*, additional discovery is warranted as a result of the amendments and the newly disclosed class member declarations based on the new class definition. Plaintiffs' concession that they submitted two declarations "in error" in support of their motion highlights this point. (Class Cert. Reply at 3 n.2 (conceding that Victoria Ramsey Smith's declaration and Kathy Whitney's declaration should not have been submitted in support of the motion for class certification because the Bonds attached to those declaration are not Bank of America's responsibility); *see also* Dkt. ## 50, 59.) On their faces, Ms. Ramsey Smith and Ms. Whitney's declarations are essentially identical to the other declarations that Plaintiffs claim are sufficient to establish the declarant's status as a class member under the newly-proposed class definition. (*Compare* Ramsey Smith Decl. (Dkt. # 50) *and* Whitney Decl. (Dkt. # 58) *with* Dkt. ## 37-49, 51-58, 78, 96 99.) Yet, Bank of America correctly determined that these individuals were not class members under the new class definition upon reviewing their declarations. (Bank of America Resp. to Class Cert. at 6.) Bank of America is entitled to take additional discovery to determine if the changes to the class definition impact other putative class members or the motion for class certification in a similar fashion.

*Third*, as discussed above, the timing of Plaintiffs' amended class definition causes at least some prejudice to Bank of America. *See supra* § III.B.

//

Accordingly, because the court grants Plaintiffs' motion to amend but concludes that class certification is premature, the court DENIES Plaintiffs' motion for class certification without prejudice.[7] Pursuant to Local Rule 23, however, the court may "order postponement of the [class certification] determination pending discovery or such other preliminary procedures as appear appropriate and necessary in the circumstances." Local Rules W.D. Wash. LCR 23(i)(3). The court may also extend the schedule for class certification if good cause exists for the extension. *See id.* Here, the court concludes that postponing the class certification determination is appropriate and that good cause exists to modify the class certification schedule. As discussed above, the court concludes that Plaintiffs are entitled to amend the complaint because the complaint is not filed in bad faith, is not the product of unwarranted delay, and is not futile. *See supra* § III.B. Instead, the amendment is the product of Plaintiffs' good faith attempts to refine this case based on the results of class discovery. Under those circumstances, denying class certification without leave to renew the motion would unnecessarily penalize Plaintiffs for filing an amendment that the court concludes they were entitled to file. Moreover, allowing additional time for discovery on the amended class allegations and class definition cures any prejudice Bank of America may have suffered as a result of the amendment and allegedly untimely declarations, while also allowing Plaintiffs to proceed under their preferred class definition. The court certainly would have preferred to resolve

//

[7] Because the court denies the motion for class certification, the court DENIES as moot Bank of America's motion to strike. (Dkt. # 75.)

the class certification dispute under the initial schedule, but it is in the court's and the parties' best interest to adjudicate that dispute on a full record.

Accordingly, the court ORDERS that the deadline to complete discovery on class certification shall be reset for January 22, 2021 and the deadline for Plaintiffs to file motion for class certification (noted on the fourth Friday after filing and service of the motion pursuant to Local Rules W.D. Wash. LCR 7(d)(3) unless the parties agree to different times for filing the response and reply memoranda) shall be reset to February 22, 2021.

## IV. CONCLUSION

For the reasons set forth above, the court GRANTS Plaintiffs' motion to amend and dismiss (Dkt. # 61), DENIES as moot Bank of America's motion to strike (Dkt. # 75), and DENIES Plaintiffs' motion for class certification (Dkt. # 34) without prejudice. Defendants U.S. Bank and Key Corp. are DISMISSED from this action without prejudice. The court ORDERS Plaintiffs to file their proposed amended complaint within 14 days of the filing date of this order. Finally, the court ORDERS that the deadline to complete discovery on class certification shall be reset to January 22, 2021 and the deadline for Plaintiffs to file motion for class certification shall be reset to February 22, 2021.

Dated this 19th day of November, 2020.

JAMES L. ROBART
United States District Judge