The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLAIRE DOUGLAS and MARY JOAN ISABELL, individually, on behalf of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., a national banking association.<br><br>Defendant. | NO. 2:20-cv-00193-JLR<br><br>SECOND AMENDED COMPLAINT (CLASS ACTION) |

**I.   PARTIES**

1.   *Claire Douglas.*  Plaintiff Douglas, formally known as Claire Asuncion, is the registered co-owner of a bank bond issued by Rainier National Bank.  Ms. Douglas is a resident of Snohomish County, Washington.

2.   *Mary Joan Isabell.*  Plaintiff Mary Joan Isabell is the registered owner of a bank certificate issued by Seattle First National Bank.  Ms. Isabell is a resident of King County, Washington.

3.   *Bank of America.*  Defendant Bank of America, N.A. ("Bank of America"), is a national banking association with its corporate headquarters in Charlotte, North Carolina. Bank of America is regulated by the Office of the Comptroller of the Currency, an independent bureau of the United States Department of the Treasury. Bank of

SECOND AMENDED COMPLAINT (CLASS ACTION) – 1

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

America holds a successor interest in Rainier National Bank ("Rainier Bank"), including certain of its assets, liabilities and obligations. Bank of America also holds a successor interest in Seattle-First National Bank ("Seattle-First"), including Seattle-First's assets, liabilities and obligations. Bank of America has, at all relevant times, maintained offices and transacted business in Washington State, including in the Western District of Washington.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332, 1441, *et seq*. because this action is between citizens of different states and the amount in controversy is over $75,000.

5. Venue is proper under 28 U.S.C. § 1446(a), because this action was removed from King County Superior Court. Venue is also proper because Bank of America resides or may be found in this district, both plaintiffs are located in this district, Bank of America transacts business in this district, and a substantial part of the events giving rise to the claim occurred in this district.

## III. NATURE OF THE CASE

6. This case arises out of the failure of the Defendant Bank of America to honor time deposit investments issued by its predecessor entities, Rainier Bank and Seattle-First. Plaintiffs and members of the class sought herein deposited money in exchange for bank bonds, bills, certificates, time deposits, CDs, and multiple maturity non-negotiable time certificate of deposits (together "Bond" or "Bonds") issued by Seattle-First and Rainier Bank. The terms on the Bonds require the registered owner to surrender the original Bond to redeem their principal and unpaid interest. Defendant Bank of America acquired certain assets, liabilities and obligations of Rainier Bank. Bank of America also acquired the assets, liabilities and obligations of Seattle-First. As part of these acquisitions, Defendant Bank of America was required to honor the Bonds.

SECOND AMENDED COMPLAINT (CLASS ACTION) – 2

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

Recently, Plaintiffs went to the Defendant Bank of America to surrender their Bonds and withdraw their money, but the Defendant Bank of America refused to honor the Bonds. Bank of America has previously been sued multiple times for their failure to redeem Rainier Bank Bonds. In one case, *Poletti v. Bank of America*, King County Superior Court Judge Douglas A. North held that Bank of America breached its contract and ordered Bank of America to pay the holder of the Bond. Nevertheless, Bank of America continues to misrepresent and misdirect Plaintiffs to other banks or governmental agencies. Plaintiffs, and the class they seek to represent, seek remedies for the Defendant Bank of America's breaches of contract as well as remedies under the Washington State Consumer Protection Act.

## IV.  CLASS ALLEGATIONS

7. ***Definition of Class.***  Plaintiffs propose certification of the following class:

> All individuals who acquired a time certificate of deposit ("Bond") from Seattle-First National Bank or Rainier Bank where the following conditions are met: (i) the Bond, by its terms, automatically renews unless redeemed by surrender of possession or a notice of nonrenewal is provided by the issuer under the terms of the Bond; (ii) the Bond, by its terms, requires that it be surrendered for payment; (iii) the individual has physical possession of the Bond; (iv) the Bond was not purchased at an *excluded Rainier Bank branch*; (v) Bank of America has no documents specific to the Bond indicating that it was redeemed; (vi) the Bond never escheated to the State of Washington, and (vii) the Bond was never presented for payment by the individual prior to December 20, 2013.
>
> "*Excluded Rainier Bank branch*" is defined to mean the former Rainier Bank branches that were sold to either Key Bank,

SECOND AMENDED COMPLAINT (CLASS ACTION) – 3

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

KeyCorp, or West One Bancorp in 1992.[1]

8. *Size of Class*. The class is expected to exceed 40 individuals and is so large that joinder of all members is impracticable. Based on the serial numbers on the Bonds litigated to date, Rainer Bank and Seattle-First issued thousands of Bonds prior to their acquisition by Defendant Bank of America. It is not uncommon for Bonds to be lost or misplaced, or to have the owner of the Bond leave the instrument for heirs to redeem. Since 1998, Bank of America has been sued at least five times by 34 individuals for failing to honor similar Bonds. When presented with a demand for payment, and in litigation, the Defendant has consistently and uniformly taken the position that it has no obligation on any of the Bonds issued to Plaintiffs or other holders of similar Bonds issued by Seattle-First or Rainer Bank. In addition, Defendant Bank of America has taken the additional step of knowingly misrepresenting to Plaintiffs, and other holders of similar Bonds, that their money escheated to Washington State's Unclaimed Property Division and/or that their Bonds were with other banks.

---

[1] Specifically, the following branches purchased by West One Bancorp in 1992 are excluded: Bellevue/Security Pacific Plaza, Bellevue Way, Bellingham, Bremerton, Enumclaw, Federal Way/West Campus, Gig Harbor, Kirkland/Carillon Point, Mount Vernon, Puyallup/Willows, Redmond/Redmond Way, Seattle/Admiral Way, Seattle/Ballard, Seattle/Battery Street, Seattle/Burien South, Seattle/Main office, Seattle/One Union Square, Seattle/Pike Place, Seattle/Seattle Pacific, Seattle/Waterfront Place, Sumner, Tacoma/Broadway Plaza, Tacoma/James Center, Tacoma/Lakewood, Tacoma/Pacific, Tacoma/Parkland, Tacoma/Proctor, Tacoma/University Place, Olympia, Olympia/Tanglewilde, Sedro Woolley, Bellevue, Kent, Puyallup, Tacoma/Lincoln, Tacoma Main, Tacoma/27th Street.

In addition, the following branches purchased by Key Bank in 1992 are excluded: Arlington/Smokey Point, Everett/California Avenue, Granite Falls, Lynnwood North, Renton/Sunset Blvd., Seattle/Capitol Hill, Seattle/Crown Hill, Seattle/Holman Road, Seattle/Industrial Center/First Ave. S., Seattle/International District, Seattle/Lake Union, Seattle/Magnolia, Seattle/Rainier Beach, Seattle/University/N.E. 45th St., Tukwila/Southcenter, Seattle Private Banking Office, Aberdeen/Grays Harbor, Brewster, Centralia, College Place, Colville, Coulee City, Dayton, Elma, Goldendale, Grand Mound, Ilwaco, Kennewick, Kettle Falls, Long Beach, Longview, McCleary, Medical Lake, Montesano, Moses Lake, Oakville, Oroville, Othello, Pomeroy, Port Angeles, Ritzville, Spokane/Spraque & Havana, Wapato, Waterville, Wenatchee, White Salmon, Wilbur, Yakima, Zillah, Eastern Business Banking Center, Moses Lake Business Banking Center, Wenatchee Business Banking Center, Yakima Branch Banking Center.

SECOND AMENDED COMPLAINT (CLASS ACTION) – 4

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

9. ***Class Representative Douglas.*** Named Plaintiff Douglas is a member of the proposed class. Douglas's claims are typical of the claims of the other members of the class and she will fairly and adequately represent the interests of the class. Specifically, she acquired a Bond from Rainer Bank that automatically renewed, never redeemed the Bond, and never received notification that the Bond was not being renewed, was abandoned, and/or had escheated to the State of Washington. When Plaintiff Douglas attempted to redeem the Bond in the fall of 2018, Bank of America refused to honor the instrument. In addition, Bank of America told Plaintiff Douglas that her money may have escheated to Washington State's Unclaimed Property Division.

10. ***Class Representative Isabell.*** Named Plaintiff Isabell is a member of the proposed class. Isabell's claims are typical of the claims of the other members of the class and she will fairly and adequately represent the interests of the class. Specifically, she acquired a Bond from Seattle-First that automatically renewed, never redeemed the Bond, and never received notification that the Bond was not being renewed, was abandoned, and/or had escheated to the State of Washington. When Plaintiff Isabell attempted to redeem the Bond at the Bank of America branch office near Seward Park, Bank of America refused to honor the instrument. In addition, Bank of America told Plaintiff Isabell that her money may have escheated to Washington State's Unclaimed Property Division, which it did not.

11. ***Common Questions of Law and Fact***. This action requires a determination of whether Defendant Bank of America's policies and practices with respect to honoring the Bonds issued by Seattle-First and Rainer Bank violates the Bond, and/or are anticipatory breaches of the terms of those contracts. Adjudication of this issue will in turn determine whether the Defendant is liable for its conduct.

12. ***Separate suits would create a risk of varying conduct requirements***. The prosecution of separate actions by class members against the Defendant Bank of America

SECOND AMENDED COMPLAINT (CLASS ACTION) – 5

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct. Certification is therefore proper under Fed. R. Civ. P. 23(b)(1).

13. ***Defendants have acted on grounds generally applicable to the relevant class.*** By failing to provide notice to Plaintiffs and the class, failing to honor demands for payment, failing to escheat funds to the State of Washington and by misrepresenting the validity of the instruments to the Plaintiffs and the class, Defendant Bank of America has acted on grounds generally applicable to all class members. Declaratory and injunctive relief is appropriate to enforce the terms and conditions of the Bonds, as well as the Defendant Banks' legal obligations under law. Certification is therefore proper under Fed. R. Civ. P. 23(b)(2).

14. ***Questions of law and fact common to the class predominate over individual issues.*** The claims of the individual class members are more efficiently adjudicated on a class-wide basis. Many Bonds are less than $1,000, rendering individual actions uneconomical. Any interest that individual members of the classes may have in individually controlling the prosecution of separate actions is outweighed by the efficiency of the class action mechanism. Upon information and belief, there is no pending class action suit filed against Bank of America for the same relief requested in this action. Issues as to Defendant Bank of America's conduct in applying standard policies and practices towards all members of each class predominate over questions, if any, unique to members of the class. Certification is therefore additionally proper Fed. R. Civ. P. 23(b)(3).

15. ***Venue.*** This action can be most efficiently prosecuted as a class action in the Western District of Washington where Defendant Bank of America does business, the Bonds were issued to plaintiffs, and where the Plaintiffs reside.

SECOND AMENDED COMPLAINT (CLASS ACTION) – 6

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

16. *Class Counsel*.  Plaintiffs have retained experienced and competent class counsel.

### V. FACTUAL BACKGROUND

17. In 1983, BankAmerica acquired Seattle-First. The acquisition included Seattle-First's deposits and obligations on Bonds and certificates issued by Seattle-First branches, including the branches that issued Bonds to Plaintiff Isabell and certain members of the class.  BankAmerica would later be renamed Bank of America

18. In 1987, Security Pacific Corporation acquired Rainier Bank, including all of Rainier Bank's deposits and obligations on Bonds issued by Rainier Bank branches. In 1992, Security Pacific Corporation merged with BankAmerica to create Bank of America. The merger included Rainier Bank deposits and obligations on Bonds issued by certain Rainier Bank branches, including the branches that issued Bonds to Plaintiff Douglas and certain members of the class.

19. As part of the merger between Security Pacific Corporation and BankAmerica, the United States Department of Justice required the newly-formed Bank of America to divest to other banks several former Rainier Bank branches.

20. Bank of America sold the following branches to West One Bancorp in 1992: Bellevue/Security Pacific Plaza, Bellevue Way, Bellingham, Bremerton, Enumclaw, Federal Way/West Campus, Gig Harbor, Kirkland/Carillon Point, Mount Vernon, Puyallup/Willows, Redmond/Redmond Way, Seattle/Admiral Way, Seattle/Ballard, Seattle/Battery Street, Seattle/Burien South, Seattle/Main office, Seattle/One Union Square, Seattle/Pike Place, Seattle/Seattle Pacific, Seattle/Waterfront Place, Sumner, Tacoma/Broadway Plaza, Tacoma/James Center, Tacoma/Lakewood, Tacoma/Pacific, Tacoma/Parkland, Tacoma/Proctor, Tacoma/University Place, Olympia, Olympia/Tanglewilde, Sedro Woolley, Bellevue, Kent, Puyallup, Tacoma/Lincoln, Tacoma Main, Tacoma/27th Street.

SECOND AMENDED COMPLAINT (CLASS ACTION) – 7

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

21.     In addition, Bank of America sold the following branches to Key Bank in 1992: Arlington/Smokey Point, Everett/California Avenue, Granite Falls, Lynnwood North, Renton/Sunset Blvd., Seattle/Capitol Hill, Seattle/Crown Hill, Seattle/Holman Road, Seattle/Industrial Center/First Ave. S., Seattle/International District, Seattle/Lake Union, Seattle/Magnolia, Seattle/Rainier Beach, Seattle/University/N.E. 45th St., Tukwila/Southcenter, Seattle Private Banking Office, Aberdeen/Grays Harbor, Brewster, Centralia, College Place, Colville, Coulee City, Dayton, Elma, Goldendale, Grand Mound, Ilwaco, Kennewick, Kettle Falls, Long Beach, Longview, McCleary, Medical Lake, Montesano, Moses Lake, Oakville, Oroville, Othello, Pomeroy, Port Angeles, Ritzville, Spokane/Spraque & Havana, Wapato, Waterville, Wenatchee, White Salmon, Wilbur, Yakima, Zillah, Eastern Business Banking Center, Moses Lake Business Banking Center, Wenatchee Business Banking Center, Yakima Branch Banking Center

22.     Defendant Bank of America is a successor in interest to the Rainier Bank Bonds held by Plaintiffs Douglas and members of the class. Bank of America is successor in interest to the Seattle-First Bonds held by Plaintiff Isabell and members of the class.

23.     Defendant Bank of America earned interest and received benefits from holding the assets underlying the Rainier Bank-issued Bonds. Bank of America earned interest and received benefits from holding the assets underlying the Seattle-First issued Bonds.

24.     The terms for withdrawing the funds generally are stated on the face of the instruments in a paragraph titled "Withdrawal." On the Rainer Bank Bonds, the paragraph states that the principal amount and any accrued interest will be paid to the owner "upon presentation and surrender of this Rainier BankBond." Likewise, on the Seattle-First Bonds, it provides that "[t]he funds deposited and any unpaid interest will be paid to the registered owner on withdrawal."

SECOND AMENDED COMPLAINT (CLASS ACTION) – 8

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

25. On December 30, 1982, Rainier Bank issued Rainier Bank Bond No. 232598 ("Bond No. 232598") to David or Claire Asuncion with right of survivorship ("registered owners") for funds deposited with the bank in the principal amount of $500.00. Bond No. 232598 was issued by the Totem Lake Branch of Rainier Bank. Plaintiff Claire Douglas's maiden name is Claire Asuncion. Bond No. 232598 is attached to this Second Amended Complaint as *Exhibit 1*. Bond 232598 has not been paid or redeemed. Plaintiff Douglas's father David Asuncion, co-owner of the Bond, has continuously resided at the address that appears on the face of the Bond. Plaintiff Douglas has the right to redeem the Bond.

26. Rainier Bank never gave Plaintiff Douglas or her father David Asuncion notice Bond No. 232598 was not being renewed. Rainier Bank never gave Plaintiff Douglas or her father David Asuncion notice that it considered Bond No. 232598, or the funds behind the Bond, to be abandoned. Rainier Bank never escheated Bond No. 232598, or the funds behind the Bond, to the State of Washington.

27. Security Pacific Corporation never gave Plaintiff Douglas or her father David Asuncion notice Bond No. 232598 was not being renewed. Security Pacific never gave Plaintiff Douglas or her father David Asuncion notice that it considered Bond No. 232598, or the funds behind the Bond, to be abandoned. Security Pacific never escheated Bond No. 232598, or the funds behind the Bond, to the State of Washington

28. Defendant Bank of America never gave Plaintiff Douglas or her father David Asuncion notice that Bond No. 232598 was not being renewed. Defendant Bank of America never gave Plaintiff Douglas or her father David Asuncion notice that they considered Bond No. 232598, or the funds behind the Bond, to be abandoned. Defendant Bank of America never escheated Bond No. 232598, or the funds behind the Bond, to the State of Washington. Bank of America is still in possession of the principal and interest owed on Bond No. 232598.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

29.     In the fall of 2018, Plaintiff Douglas made a demand upon Bank of America to honor Bond No. 232598.  Bank of America refused to honor the Bond.  Bank of America knowingly misrepresented to Plaintiff Douglas that Bank of America was not responsible for the Bond, and Bank of America knowingly misrepresented that Plaintiff Douglas' money may have been sent to unclaimed property.

30.     Plaintiff Douglas spent time and money investigating Bank of America's misrepresentations that Bank of America was not responsible for the Bond and Bank of America's misrepresentation that Plaintiff Douglas' money may have been sent to unclaimed property.

31.     On December 1, 1983, Seattle-First issued Seattle-First Certificate No. 00076309 ("Certificate No. 00076309") to Mary Joan Isabell for funds deposited with the bank in the principal amount of $200.00.  Certificate No. 00076309 was issued by Seattle First's Head Office.  Certificate No. 00076309 is attached to this Second Amended Complaint as *Exhibit 2*.  The Bond has not been paid or redeemed.  Plaintiff Isabell has continuously resided at the address that appears on the face of the Bond.  Plaintiff Isabell has the right to redeem the Bond.

32.     Seattle-First never gave Plaintiff Isabell notice that Certificate No. 00076309 was not being renewed.  Seattle-First never gave Plaintiff Isabell notice that it considered Certificate No. 00076309, or the funds behind the Bond, to be abandoned.  Seattle-First never escheated Certificate No. 00076309, or the funds behind the Bond, to the State of Washington.

33.     Bank of America never gave Plaintiff Isabell notice that Certificate No. 00076309 was not being renewed.  Bank of America never gave Plaintiff Isabell notice that it considered Certificate No. 00076309, or the funds behind the Bond, to be abandoned.  Bank of America never escheated Certificate No. 00076309, or the funds

SECOND AMENDED COMPLAINT (CLASS ACTION) – 10

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

behind the Bond, to the State of Washington. Bank of America is still is possession of the principal and interest owned on Certificate No. 00076309.

34. In the summer of 2017, Plaintiff Isabell made a demand upon Bank of America to honor Certificate No. 00076309. Bank of America has refused to honor the Bond. Bank of America knowingly misrepresented to Plaintiff Isabell that Bank of America was not responsible for the Bond and Bank of America knowingly misrepresented that Plaintiff Isabell's money may have been sent to unclaimed property.

35. Plaintiff Isabell spent time and money investigating Bank of America's misrepresentations that Bank of America was not responsible for the Bond and Bank of America's misrepresentation that Plaintiff Isabell's money may have been sent to unclaimed property.

36. Bank of America knew, or should have known, about Bonds issued by Rainier Bank and Seattle-First bank. Since 1998, it has been sued at least four times for their failure to redeem Bonds issued by Rainier Bank and/or Seattle-First bank. In one case, King County Superior Court Judge Douglas A. North held that the Rainier Bank Bond was valid and ordered Bank of America to pay the beneficiary. Defendant Bank of America knew, or should have known, about the validity of Rainier Bank Bonds and Seattle-First Bonds. After being made aware of their obligation on Bonds issued by Rainier Bank and Seattle-First, Defendant Bank of America continued a policy of misinforming holders that the Bonds had escheated to unclaimed properties and/or were worthless.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM:
### BREACH OF CONTRACT

37. Plaintiffs re-allege all paragraphs above.

SECOND AMENDED COMPLAINT (CLASS ACTION) – 11

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

38. Seattle-First and Rainier Bank entered into valid written contracts with the registered owners of Bonds. As part of those written contracts, Seattle-First and Rainier Bank accepted cash deposits from the registered owners in exchange for instruments issued to the registered owners.

39. Defendant Bank of America acquired the liability on certain Bonds, including those of Plaintiffs and the class.

40. Defendant Bank of America breached the contracts with Plaintiffs and the class by refusing to redeem and pay the balance of the Bonds, plus interest. Defendant Bank of America and their predecessors have not provided any notices to the registered owners, transferees or their beneficiaries that the Bonds would not be renewed, that they were dormant, or that any funds were being escheated to the State of Washington. Defendant Bank of America has not complied with Washington's Uniform Unclaimed Property Act.

41. In breaching the contracts with Plaintiffs and the class, Defendant Bank of America also breached the contractual covenants of good faith and fair dealing that they owed Plaintiffs and the class as a party to the contracts.

42. Defendant Bank of America is liable to Plaintiffs and the class for the principal amounts of the Bonds as well as all interest accrued since their issuances.

43. Defendant Bank of America's breach of the contracts caused Plaintiffs and the class to suffer foreseeable damages. From the outset of the contracts, it was foreseeable that breaches would cause direct and consequential damages to Plaintiffs and the class, including, but not limited to, loss of principal, loss of interest, attorneys' fees, and related costs of litigation, all in amounts to be proven at trial.

44. Plaintiffs and the class are also entitled to declaratory and injunctive relief.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

**SECOND CLAIM:
VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT**

45. Plaintiffs re-allege all the paragraphs above.

46. The actions, practices, and omissions of Defendant Bank of America constitutes unfair and deceptive acts and/or practices in the conduct of trade and commerce that affects the public interest within the meaning of the Washington Consumer Protection Act, RCW 19.86.

47. The Rainer Bank Bonds state on their face that the funds shall be withdrawn "upon presentation and surrender of this Rainier BankBond," although some times the term "BankBill" is used instead of "BankBond." No other terms are stated as an alternative procedure for withdrawing the funds. Likewise, the Seattle-First Bonds provide that "[t]hese funds may be withdrawn by the registered owner by presenting and surrendering this Certificate to the issuing branch. . . ."

48. Plaintiffs have fully complied with all the steps necessary to redeem the Bonds. Defendant Bank of America has refused to redeem the Bonds of Plaintiffs and the class by making up erroneous theories in the absence of any evidence that one of its predecessors may have followed unwritten and unpublished rules unknown to Plaintiffs by redeeming the Bonds without requiring the surrender of the original certificate.

49. Defendant Bank of America's adoption of policies and practices to refuse redemption by Washington State holders without investigation into their individual instruments is an unfair business practice.

50. Defendant Bank of America's conduct of telling Plaintiffs and the class that their money from the instruments may have been sent to Washington State's unclaimed property division is an unfair business practice.

51. Defendant Bank of America's conduct of telling Plaintiffs and the class that Bank of America is not responsible for the Bonds is an unfair business practice.

SECOND AMENDED COMPLAINT (CLASS ACTION) – 13

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

52. Defendant Bank of America's position that it does not have to fulfill the terms of the contracts with Plaintiffs solely because it speculates, without any specific evidence of the Bond's escheatment or redemption, that it may have followed procedures contrary to the terms printed on the face of the instruments certificate is an unfair business practice.

53. Defendant Bank of America has uniformly failed to pay other substantially similar bond holders in Washington State. Defendant Bank of America has no evidence to support their non-payment position. Its refusal to redeem the instruments based upon an unpublicized change in the rules from those printed on the face of the instruments is an unfair business practice. The instruments were purposely structured to renew automatically, with no termination date so that consumers could leave their money on deposit with the bank indefinitely.

54. When a consumer has kept their bond funds at a bank for an extended period, just as the terms of the bank bonds and certificates encouraged, but is denied redemption because a bank has not retained the records for that account, the burden for the costs of enforcing the contract falls on the bank. It would have been a simple and inexpensive matter for Defendant Bank of America to have retained the records for any bond accounts for which the original bond certificates were not surrendered. For its own reasons Defendant Bank of America, or its predecessors, apparently chose not to retain those records, or any other records regarding the registered owner's account. The Defendant Bank of America cannot use its own business decision not to retain records as the basis for denying a valid consumer claim supported by the customers' records that the bank pledged to rely upon. To do so is an unfair business practice.

55. Defendant Bank of America's responses to Plaintiffs' attempts to redeem their Bonds are *per se* misrepresentations. The Bonds and/or certificates state the rules and process for redemption. When Plaintiffs, and other persons similar to them,

SECOND AMENDED COMPLAINT (CLASS ACTION) – 14

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303    FAX (206) 223-0246

complied with those rules, Bank of America's refusal to pay Plaintiffs is an unfair or deceptive act. In addition, Defendant Bank of America's act of wrongfully informing Plaintiffs and other class members that their instruments may have escheated to unclaimed properties is an unfair or deceptive act. These types of unfair business practices toward consumers is exactly what the Washington Consumer Protection Act was designed to prevent.

56. Defendant Bank of America was under a legal obligation to send any unclaimed property to the State of Washington under Washington's Uniform Unclaimed Property Act. *See* RCW 63.29.190(1); RCW 63.29.170. If it had forwarded the funds to the State of Washington rather than retaining the money, Plaintiffs' money would then be made available for Plaintiffs and the class to claim and collect. The failure to deliver funds as required by Washington's Unclaimed Funds Act has prevented Plaintiffs and the class from easily seeking payment of their funds from the State of Washington and is an unfair or deceptive act or practice that harmed Plaintiffs and the class.

57. As a direct and proximate result of Defendant Bank of America's violations of the Consumer Protection Act, Plaintiffs and the class have suffered damages, including but not limited to loss of principal and interest, attorneys' fees, and related costs of litigation, all in amounts to be proven at trial.

58. These actions by Defendant Bank of America has affected the public interest. Seattle-First and Rainier Bank issued thousands of similar other bonds to other people. Defendant Bank of America has adopted a uniform policy of refusing to redeem those instruments and failing to follow Washington's Uniform Unclaimed Property Act when presented with the original bond certificate.

SECOND AMENDED COMPLAINT (CLASS ACTION) – 15

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

## VII.  DEMAND FOR RELIEF

WHEREFORE, Plaintiffs requests that this Court:

1. Certify this case as a class action, designate named Plaintiffs Douglas and Isabell as class representatives, and designate SIRIANNI YOUTZ SPOONEMORE HAMBURGER PLLC, Richard E. Spoonemore, Chris R. Youtz and Daniel Gross, and ATTORNEY WEST SEATTLE, Eric J. Harrison, as class counsel;

2. Enter judgment in favor of Plaintiffs and the class and against Defendant Bank of America for its failure to comply with the terms of the bonds or certificates issued by its predecessors, Rainer Bank and Seattle-First;

3. Enter judgment in favor of Plaintiffs and the class and against Defendant Bank of America for its violation of the Washington Consumer Protection Act;

4. Enjoin Defendant Bank of America from refusing to honor bonds and/or certificates issued by their predecessors and declare the various contractual and statutory obligations that Defendant Bank of America has under the bonds and/or certificates;

5. Award Plaintiffs and the class prejudgment interest and their attorneys' fees and costs; and

6. Award such other relief as is just and proper.

SECOND AMENDED COMPLAINT (CLASS ACTION) – 16

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

1  DATED: December 3, 2020.

2                                    SIRIANNI YOUTZ
3                                    SPOONEMORE HAMBURGER PLLC

4                                    By:  */s/ Richard E. Spoonemore*
5                                    Richard E. Spoonemore (WSBA #21833)

6                                    By:  */s/ Chris R. Youtz*
                                    Chris R. Youtz (WSBA #7786)
7
                                  By:  */s/ Daniel Gross*
8                                    Daniel Gross (WSBA #23992)
                                  3101 Western Avenue, Suite 350
9                                    Seattle, WA 98121
                                  Tel. (206) 223-0303; Fax (206) 223-0246
10                                   Email: cyoutz@sylaw.com
11                                             rspoonemore@sylaw.com
                                            dgross@sylaw.com
12
13                                   ATTORNEY WEST SEATTLE

14                                   By:  */s/ Eric J. Harrison*
15                                   Eric J. Harrison (WSBA #46129)
                                  5400 California Ave. SW
16                                   Seattle, WA 98136
                                  Tel. (206) 388-8092
17                                   Email: eric@attorneywestseattle.com
18
19                                   Counsel for Plaintiffs

20

21

22

23

24

25

26

SECOND AMENDED COMPLAINT (CLASS ACTION) – 17

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246

**CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

- **Sahr A.M. Brima**
  brima.sahr@dorsey.com

- **Kelly Drew Folger**
  kfolger@albblaw.com, aamezcua@albblaw.com

- **Daniel S Gross**
  daniel@sylaw.com, matt@sylaw.com, theresa@sylaw.com, stacy@sylaw.com

- **Eric Harrison**
  ericjohnharrison@gmail.com, eric@attorneywestseattle.com, eric@nimia.com

- **Shawn J Larsen-Bright**
  larsen.bright.shawn@dorsey.com, shawn-larsen-bright-1923@ecf.pacerpro.com, price.molly@dorsey.com

- **Trent M Latta**
  tlatta@mcdougaldlaw.com

- **Shannon L McDougald**
  smcdougald@mcdougaldlaw.com, egrout@mcdougaldlaw.com

- **Richard E Spoonemore**
  rspoonemore@sylaw.com, matt@sylaw.com, rspoonemore@hotmail.com, theresa@sylaw.com, stacy@sylaw.com

- **Garrett James Williams**
  gwilliams@albblaw.com, lrodriguez@albblaw.com

- **Chris Robert Youtz**
  chris@sylaw.com, matt@sylaw.com, theresa@sylaw.com, stacy@sylaw.com

DATED: December 3, 2020, at Seattle, Washington.

          */s/ Richard E. Spoonemore*
          Richard E. Spoonemore (WSBA #21833)

SECOND AMENDED COMPLAINT (CLASS ACTION) – 18

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246